UNITED STATES of America,

v.

**Eltrentrose F. LIVERMAN, Defendant.**

Criminal No. 2:95cr151–7.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 27, 2012.

Fernando Groene, United States Attorney's Office, Newport News, VA, for United States of America.

### *ORDER*

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on petitioner's Motion to Vacate and Remand and Correct Sentence Under § 841(b) ("Motion to Vacate"), filed *pro se* by defendant on June 11, 2012. The court entered an Order to Show Cause on June 22, 2012, stating that the court would construe petitioner's Motion to Vacate as a petition under 28 U.S.C. § 2255, unless petitioner showed cause to the contrary within thirty (30) days. On July 11, 2012, petitioner filed a Reply to Show Cause Order, in which he stated that "Movant does not dispute the intentions of the Court if it sees § 2255, as being proper, but Movant want it be clear [sic] that the proper § 2255, would be (f)(3)." Reply Show

Cause Order 1. The court thus construes petitioner's Motion to Vacate as a petition pursuant to 28 U.S.C. § 2255.

On February 22, 1996, in the midst of a jury trial, petitioner pled guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine, "crack" cocaine, and heroin, in violation of 21 U.S.C. § 846. Petitioner was sentenced to life in prison. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence on July 10, 1997, 117 F.3d 1415 (4th Cir.1997). On November 15, 2000, petitioner submitted a "Request for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241, Including the Deprivation of the Petitioner's Liberty Unconstitutionally," in the United States District Court for the District of Columbia. By Order filed December 8, 2000, that court transferred the case to this court. On January 8, 2001, the court received "Petitioner's Response to the Magistrate's Report and Recommendation." In an Opinion and Final Order filed March 1, 2001, this court construed the transfer from the District of Columbia as a § 2255 motion and denied and dismissed the motion.

On March 7, 2005, this court construed a subsequent "Motion for Relief From Judgment Pursuant to Section 3582(c)(2) of Title 18, USC, Petitioner's Actual Innocent of Sentencing Enhancements Posture, Along With the District Court's Lacked of Jurisdiction in this Matter" filed by petitioner as another § 2255 motion, and denied and dismissed the motion as a second, successive petition.[1] Petitioner now contends in his Motion to Vacate that the Supreme Court of the United States, in *DePierre v. United States*, —— U.S. ——, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011), created a new rule of law that is retroactively applicable on collateral review, and narrowed the scope of 21 U.S.C. § 841(a)(1), such that "Movant's conviction can never be supported." Mot. Vacate 7–10.

■ The court construes petitioner's Motion to Vacate as a § 2255 petition, his third. Thus, the petition is once again successive under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Defendant must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255. Accordingly, petitioner's Motion to Vacate is **DENIED.**

■ Furthermore, petitioner's Motion to Vacate would be untimely. Petitions under § 2255 must be filed within the one-year statute of limitations set forth in the statute unless the petitioner can show cause as to why the filing is outside of that period. Here, petitioner argues that the limitations period on his Motion to Vacate did not start running until the Supreme Court issued its decision in *DePierre.* Petitioner claims that the decision in *DePierre* was retroactive such that the limitations period began running on "the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases 'on collateral review.'" 28

---

1. Petitioner has made numerous other filings since his sentencing, but the court sees no need to recite them, as the additional proceedings do not impact the disposition of his Motion to Vacate.

719

U.S.C. § 2255(f)(3). However, courts examining *DePierre* have found that the case has not been made retroactive to cases on collateral review.[2] *See, e.g., Eckles v. United States,* No. 5:12cv70, 2012 WL 2746295, at *1–2, 2012 U.S. Dist. LEXIS 94119, at *3 (W.D.N.C. July 9, 2012) (collecting cases). Therefore, the one-year limitation period ran from the date the petitioner's judgment of conviction became final in 1997. See 28 U.S.C. § 2255(f)(1).

For the foregoing reasons, petitioner's Motion to Vacate is **DENIED.** Petitioner is advised that he may appeal from this Order by filing a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of the filing of this Order. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to mail a copy of this Order to defendant and to the Assistant United States Attorney.

**IT IS SO ORDERED.**

---

2. To be clear, even if *DePierre* applied retroactively, it would have no effect on petitioner's conviction. *DePierre* merely held that the term "cocaine base" in 21 U.S.C. § 841(b)(1) did not only encompass "crack cocaine," but rather any form of cocaine in its "basic form;" in short, the Supreme Court adopted an expansive definition of "cocaine base" under the statute.